IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:12-cr-255-007 (RDA) |
| ) | |
| JOSE LORENZO SARAVIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Jose Lorenzo Saravia's *pro se* Motion for Compassionate Release. Dkt. 768. This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with the Government's Opposition (Dkt. 772), this Court DENIES the Motion for the reasons that follow.

I. FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2012, Defendant pleaded guilty to two counts: (1) conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846, and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1956(h). Dkt. 286. As Defendant admitted in his Statement of Facts supporting his guilty plea, Defendant regularly received wholesale quantities of cocaine from sources of supply in Honduras. Dkt. 288. Defendant conceded that he was personally involved in the distribution of, or that it was reasonably foreseeable that his co-conspirators distributed at least five kilograms of cocaine. *Id.* Moreover, law enforcement seized a firearm from Defendant's residence that he possessed in furtherance of the conspiracy. *Id.*

Pursuant to the presentence investigation report ("PSR"), Defendant had a total offense level of 29 and a criminal history category of I. Dkt. 461 at ¶¶ 219-20. Pursuant to the applicable

U.S. Sentencing Guidelines, Defendant's guideline range would have been between 87 and 108 months. Nonetheless, Defendant was subject to the mandatory minimum 120 months' imprisonment for the Conspiracy to Distribute charge (Count 2) and 60 months' imprisonment, consecutive, for the Possession of a Firearm charge (Count 5). *Id.* at 1.

On March 15, 2013, U.S. District Judge Liam O'Grady sentenced Defendant to a total term of 180 months' imprisonment, consisting of 120 months as to Count 2 and 60 months as to Count 5, to run consecutively, and a 5-year term of supervised release as to each count, to run concurrently. Dkt. Nos. 469; 470. This sentence represented the mandatory minimum that Judge O'Grady was required to impose.

On March 24, 2024, Defendant submitted an institutional form to the Bureau of Prisons ("BOP") requesting compassionate release. Dkt. 768 at 3. Defendant's request was denied because his proposed release plan was inappropriate due to a pending Immigration and Customs Enforcement ("ICE") deportation detainer. *Id.* at 15; Dkt. 768-1 at 3 ("[Y]our request has been denied. Your deportation detainer with Immigration and Customs Enforcement does not allow you to pursue your proposed release plan.").

On June 14, 2024, Defendant filed the instant Motion for Compassionate Release ("Motion"). Dkt. 768. As of the filing of his Motion, Defendant served approximately 134 months of his 180-month sentence.[1] *Id.* at 2. He has been diagnosed with end-stage renal failure that has caused him to be placed on dialysis. *Id.* at 5. Moreover, he has diabetes and hypertension, which he claims were made worse by the kidney failure and dialysis procedure he must undergo three times a week. *Id.* Defendant asserts that "[a]ny of these chronic care illnesses could easily lead to death if COVID-19, or any of it's [sic] newer variants hit the institution that Saravia is in." *Id.*

---

[1] Defendant is scheduled for release on August 25, 2025. Dkt. 772 at 1.

2

at 7. Defendant would also like to build a relationship with his adult children. *Id.* at 5. Given these circumstances, Defendant requests that he be allowed to return home with GPS monitoring for the remainder of his sentence. *Id.* at 7.

The Government responded in opposition to Defendant's Motion on July 30, 2024, stating that "[b]ecause Mr. Saravia has made no individualized showing that his circumstances and sentence are extraordinary, and because he has not provided an adequate release plan, the Court should deny his motion." Dkt. 772 at 1.

## II. ANALYSIS

A defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling reasons" warranting compassionate release and (2) that analysis of the § 3553(a) factors counsels that compassionate release is appropriate as a matter of judicial discretion. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Sprague*, 838 F. App'x 775, 775-76 (4th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Applying that standard here, Defendant's motion for compassionate release must be denied.

Defendant is a fifty-year-old man dealing with end-stage renal failure that requires weekly dialysis, type II diabetes, and hypertension. Dkt. 768 at 5. Importantly, Defendant does not assert that the BOP has been unresponsive to his health conditions. He indicates that he is receiving the dialysis he needs three times a week, *id.*, and that he is currently prescribed medication in the facility where he is incarcerated, Dkt. 768-2 at 5. His submission of medical records, which were current as of January 31, 2020, indicate that he was also receiving medication for his health conditions at that time. Dkt. 769 at 2. The Fourth Circuit has counseled against release where the BOP has been responsive to a defendant's medical needs. *United States v. Byrd*, 859 Fed. Appx.

3

669, 670 (4th Cir. 2021) (affirming denial of compassionate release where the defendant's records did "not indicate that [the defendant] is currently struggling with maintain[ing] his health or that the BOP is unresponsive to his needs").

Defendant suggests that his medical conditions put him at risk of more serious health outcomes if he contracts COVID-19. As courts of appeals have recognized, however, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 954, 597 (3rd Cir. 2020). Thus, in analyzing motions for compassionate release based on COVID-19, district courts within the Eastern District of Virginia have examined whether a defendant has both (i) a particularized susceptibility to the disease and (ii) a particularized risk of contracting the disease at his prison facility. *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020). But Defendant fails to include any relevant information regarding his risk: (i) Defendant fails to state whether he is vaccinated; (ii) Defendant fails to include a statement from any of his health providers regarding his risk of COVID-19; (iii) Defendant fails to state whether he has previously contracted COVID-19 and what, if any, health consequences he faced; and (iv) Defendant fails to include any statistics regarding the prevalence of COVID-19 in the institution in which he is incarcerated. Moreover, courts have generally recognized that – in light of advances in treatment, prevention, and vaccines – "the threat from COVID-19 has diminished nationwide and within the BOP." *United States v. Gonzales*, 2023 WL 6386139, at *2 (W.D.N.Y. Oct. 2, 2023). Defendant has failed to meet his burden of establishing extraordinary or compelling circumstances where Defendant has failed to provide any indication that he specifically is at risk if he contracts COVID-19 or that he is likely to contract it where he is presently incarcerated. Thus, Defendant has not met his burden of establishing that the risk of contracting COVID-19 is an extraordinary and

compelling circumstance.

Moreover, Defendant's medical conditions do not establish extraordinary and compelling circumstances warranting a sentence reduction. Courts have denied motions for compassionate release premised on similar diagnoses of end stage renal failure, type II diabetes, and hypertension. *See, e.g., United States v. Hawkins*, No. 7:14-CR-00020, 2023 WL 4162279 (W.D. Va. June 23, 2023) (denying motion for compassionate release where defendant was diagnosed with end stage renal failure, type II diabetes and high blood pressure); *United States v. Jameel*, No. 2:13-cr-098 (RCY), 2021 WL 1784626, at *5 (E.D. Va. May 5, 2021) (denying motion for compassionate release for defendant with end stage renal failure because there was "no indication that these serious medical conditions [were] not being properly addressed and treated within the BOP."); *United States v. Goode*, No. 14 CR 810-07(CM), 2020 WL 58272, at *6 (S.D.N.Y. Jan. 6, 2020) (same). Thus, Defendant's medical conditions do not establish extraordinary and compelling circumstances warranting a sentence reduction.

Even assuming, *arguendo*, that Defendant has established extraordinary and compelling circumstances, that does not end the analysis. The Court must also examine the 18 U.S.C. § 3553(a) factors. Conspiracy to distribute five kilograms or more of cocaine and possession of a firearm in furtherance of a drug trafficking offense are serious offenses that each carry mandatory minimum terms of incarceration. Defendant was sentenced to the mandatory minimum for each count. Thus, Defendant's sentence reflects a judgment by Congress that Defendant receive the minimum penalty necessary to address Defendant's criminal behavior. Reducing Defendant's sentence to a sentence below the mandatory minimum would not reflect the seriousness of the offense, afford adequate deterrence, promote respect for the law, or provide just punishment. 18 U.S.C. § 3553(a). Additionally, Defendant is subject to an ICE deportation detainer and will likely

be brought into ICE custody upon release, so any potential release is futile rather than compassionate. Dkt. 768-1 at 3; *see United States v. Sydykov*, No. 18-cr-212, Order at 3 (Dkt. 103), (E.D. Va. Aug. 21, 2020) (holding that deportation consequences do not preclude defendant from being classified as danger to the community). Although the Court retains authority to grant a motion for compassionate release after imposing a sentence, Defendant has not demonstrated that the circumstances that warranted the imposition of his sentence have significantly changed. Thus, the § 3553(a) factors do not support granting Defendant's motion.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's Motion for Compassionate Release (Dkt. 768) is DENIED.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this Court within fourteen (14) days of receipt of this Memorandum Opinion and Order. Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk is directed to forward a copy of this Order to counsel of record and to Defendant.

It is SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge